In the Matter of Harold A. KRIG, d/b/a Darby Farms and Krig Farms, Debtors.

Harold A. KRIG, d/b/a Darby Farms and Krig Farms, Plaintiff,

v.

UNITED STATES of America, DEPARTMENT OF AGRICULTURE, Farmers' Home Administration, and Bank of Pasco County, Defendants.

Bankruptcy No. 85–367.
Adv. No. 86–104.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 10, 1986.

C. Kathryn Preston, Tampa, Fla., for plaintiff.

Lynne England, Tampa, Fla., for U.S.A.

Langfred White, Clearwater, Fla., for Bank of Pasco County.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 adversary proceeding filed by Harold A. Krig, the Debtor (Debtor), who seeks a determination of the extent, validity, and priority of liens held by the Bank of Pasco County (Bank) and by the United States of America, Department of Agriculture, Farmers Home Administration (Farmers Home), and the valuation of the collateral securing those liens. The Bank and Farmers Home have both moved for summary judgment as to count one of the complaint, alleging that there are no material disputed facts as to the extent, validity, and priority of liens, and that this issue can be resolved as a matter of law. The Court has considered the record, heard argument of counsel, and finds as follows:

In June, 1980, the Debtor, whose business is farming, obtained a loan from the Bank and granted to the Bank a security interest in specific items of farm equipment and machinery. A financing statement was duly filed in the public records of Pasco County, Florida, perfecting the Bank's security interest.

In August, 1980, the Debtor obtained another loan from the Bank and granted the Bank a security interest in additional items of farm equipment and machinery. The Bank filed a financing statement perfecting its interest in this collateral as well. Both of these obligations were ultimately paid in full, but the Bank did not file termination statements to cancel the financing statements in the Pasco County public records.

In August, 1981, the Debtor obtained a loan from Farmers Home and granted to Farmers Home a security interest in the same collateral in which the Bank had been given a security interest for its 1980 loans to the Debtor. The Debtor executed a note and security agreement, and Farmers Home filed the security agreement along with a financing statement in Pasco County public records. This obligation to Farmers Home remains outstanding.

The Debtor obtained additional loans from the Bank using the same collateral as had been offered to the Bank and Farmers Home previously, in October 1981, September 1982, and August 1983. In each instance the Bank filed financing statements and perfected its security interest. The October 1981 and September 1982 obligations were paid, but the August 1983 loan in which the Debtor had granted the Bank a lien on collateral which also secured the August 1981 loan from Farmers Home, remains outstanding.

The issue presented to this Court for resolution is which of the two parties, the Bank or Farmers Home, has a first priority security interest in the farm equipment and machinery which served as collateral in several different transactions. The Bank asserts that its financing statements filed in 1980 prior to Farmers Home's August 1981 financing statement are sufficient to perfect subsequent loans and make its security interest automatically superior to Farmers Home's, even though the Debtor's obligation to the Bank had been fully satisfied before Farmers Home acquired its security interest.

On the other hand, Farmers Home argues that because the Debtor owed nothing to the Bank when Farmers Home acquired its security interest, there was no debt to the Bank which could support any security interest in its favor. In spite of the Bank's 1981 financing statement on record, the collateral was, in fact, free and clear of liens when Farmers Home was granted a security interest in this collateral in 1981.

Although it is true, as the Bank argues, that a previously filed financing statement is effective to perfect a later security interest, *In re Nason*, 13 B.R. 984 (Bankr.D.R.I. 1981), that principle cannot operate to cut off a properly perfected security interest that attaches to collateral that is, in fact, free and clear of any lien at the time of perfection. Even though there was a financing statement on record which purported to encumber the farm equipment

and machinery in which Farmers Home was taking a security interest, when the Debtor granted Farmers Home a security interest in this collateral, Farmers Home's interest had first priority over any subsequent liens.

Farmers Home concedes that the Bank has a first priority security interest in the following collateral that was listed in the Bank's 1983 security agreement, but not in Farmers Home's 1981 agreement:

—R–250 Sprayer, Serial No. 7692
—Kennco 3–ton Fertilizer Distributor with stainless steel bed press.
—Vehicles:
1981 Mercury Lynx Station Wagon
1981 Ford F–150 Pick-up
1979 Ford Truck, F–600
1979 Lincoln Mark V
—20′ Strawberry Shed on four wheel wagon
—2—Four Wheel Strawberry Sheds
—2 Ag-tech Sprayers, Model 3004

Farmers Home has a first priority security interest and the Bank has a second priority security interest in the following collateral that secured both the 1981 loan from Farmers Home and the 1983 loan from the Bank:

—High Speed Plastic Machine
—1978 Kinnco Terrace Board
—1978 Blade Kinnco Mounted Grader
—1978 Bush Hog, Brush cutter
—1978 Smittys Rotovator
—1978 Kinnco Bedder
—1978 Massey Ferguson Tractor
—1978 Kinnco Spray Machine
—1978 Plastic Machine
—1977 and 1978 Narique Irrigation equipment, including wells, etc.
—Used Massey Ferguson Tractor

Finally, the Farmers Home administration has a first priority security interest and the Bank does not have any security interest in the following collateral which was listed on Farmers Home's 1981 agreement but was not listed on the Bank's 1983 agreement:

—International Harvestor Tractor
—Tool Bar, New King
—Diesel Ind. Engine, Cat.
—150 Pallet Bins
—TriPac Tomato Washer

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the United States of America, Department of Agriculture, Farmers Home Administration be, and the same hereby has, a first priority security interest, and the Bank of Pasco County be, and the same hereby has, a second priority security interest in the following items:

—High Speed Plastic Machine
—1978 Kinnco Terrace Board
—1978 Blade Kinnco Mounted Grader
—1978 Bush Hog, Brush Cutter
—1978 Smittys Rotovator
—1978 Kinnco Bedder
—1978 Massey Ferguson Tractor
—1978 Kinnco Spray Machine
—1978 Plastic Machine
—1977 and 1978 Narique Irrigation equipment including wells, etc.
—Used Massey Ferguson Tractor

It is further

ORDERED, ADJUDGED AND DECREED that the United States of America, Department of Agriculture, Farmers Home Administration be, and the same has, a first priority security interest and the Bank has no security interest in the following items:

—International Harvestor Tractor
—Tool Bar, New King
—Keisel Ind. Engine, Cat.
—150 Pallet Bins
—TriPac Tomato Washer

It is further

ORDERED, ADJUDGED AND DECREED that the Bank of Pasco County be, and the same has, a first priority security interest, and the United States of America, Department of Agriculture, Farmers Home Administration has no security interest in the following items:

—R–250 Sprayer, Serial No. 7692
—Kennco 3–ton Fertilizer Distributor with stainless steel bed press

—Vehicles:

   1981 Mercury Lynx Station Wagon

   1981 Ford F–150 Pick-up

   1979 Ford Truck, F–600

   1979 Lincoln Mark V

—20′ Strawberry Shed on four wheel wagon

—2—Four Wheel Strawberry Sheds

—2 Ag-tech Sprayers, Model 3004

It is further

ORDERED, ADJUDGED AND DE-CREED that a final evidentiary hearing on count two of this complaint be, and the same is hereby, set for <u>March 2, 1987</u> at <u>3:30</u> <u>p.m.</u>